BURKE v. BOURS et al.*

No. 13,912; March 9, 1891.

26 Pac. 102.

Agency—Purchase of Principal's Land by Agent.—An agent, having charge of certain property for an absent firm, was directed to sell it for about $5,000, and, wishing to purchase for himself, reported his acceptance, subject to approval, of an offer of $4,500 net, and sent a deed of the property with the grantee's name omitted. The owner executed the deed, and, returning it to the agent through the firm, accepted the agent's check for $4,500, which was the full

*For subsequent opinion in bank, see 92 Cal. 108, 28 Pac. 57.

value of the land. The agent did not understand himself to be in the owner's employ, nor that a selling agent's name could not be written in a deed as grantee without the grantor's consent, but, intending no fraud, entered into possession. Held, that the heirs of the grantor could not set up fraudulent concealment as a ground for ejectment. In any event, the grantee's possession could not be attacked without tendering back the purchase money.[1]

APPEAL from Superior Court, San Joaquin County; J. G. Swinnerton, Judge.

George D. Collins for appellant; Jas. H. Budd for respondent.

FOOTE, C.—This action in ejectment was instituted to recover certain real property in the city of Stockton. The cause has been here before (67 Cal. 447, 8 Pac. 49), and it was then decided, among other things, that a certain deed made by one Arguello (whose wife's administrator is now the plaintiff here) to Bours, the defendant, was void and of no effect to convey title from Arguello, because at the time it was executed and acknowledged the name of Bours, the intending purchaser, was not inserted in the deed, and that instrument was a blank as to any grantee. The defendant in possession set up, in defense to the apparent legal title of the plaintiff, facts which were claimed to constitute a perfect equitable title in the former. The court below, by its findings and decision, coincided with the defendant, and rendered judgment that the plaintiff take nothing by his action, and that the defendant recover costs. From that judgment this appeal is taken upon the judgment-roll, and a bill of exceptions showing such of the evidence as is necessary, upon which is based the findings and decision which are attacked. It seems to be conceded by all the contestants that the property in dispute was owned and held by Jose Arguello at the time he signed the deed. The respondents claim, however, that on the fourteenth day of September, 1876, Arguello agreed to, and did afterward, sell and convey the property to defendant Bours, on the fifteenth day of September, 1876. The appellant takes the position that no sale or conveyance ever took place; that the deed made

---

[1] Cited in the note in Ann. Cas. 1912A, 1176, on the validity of sales by agent to himself.

in blank, as to the grantee therein, by Arguello, was void; and that there was no agreement or contract on the part of Arguello to sell to the defendant Bours, and that he never did sell to him.

The basis on which the appellant argues his theory of the case is that Bours was the agent of Arguello to find a purchaser for the property in dispute; that he informed Arguello that he had found a purchaser at the price Arguello was willing to take for the property, but that he did not inform Arguello that he, the agent, was the purchaser, and therefore both the deed and the attempted purchase of Bours was void; that the court below was in error in finding, against the evidence, that Bours was not the agent of Arguello, as also in other findings respecting the "material facts of agency and notice to the principal." The facts, as disclosed by the letters in evidence, appear to be about these: Arguello was the owner of this property on the 19th of August, 1876. Bours never knew him at all, but Falkner, Bell & Co., of San Francisco, seem to have been the agents for Arguello in the collection of rents and general management of the property here involved. Upon that day they wrote to Bours, who lived at Stockton, in which place the property, as we have seen, was situated, that Arguello thought of selling his real estate in that town, and had requested them to ascertain the price it would probably realize. At that time, according to the evidence of Bours, which is not contradicted, he was looking after the property at the instance and request and as the agent of Falkner, Bell & Co., "and for nobody else," as he had been doing before Arguello purchased it for one Mazes, the seller to Arguello. After Bours took charge of the property for Mazes he was instructed by him to make his returns to Falkner, Bell & Co. After Mazes sold to Arguello, Falkner, Bell & Co. sent the deed, showing that sale, to Bours, that it might be recorded and returned to them. After that he looked after the property for Falkner, Bell & Co., who instructed him to take charge of it, pay the taxes, and make returns to them. But he never received any instructions from Arguello respecting the property, or had any communication by word or letter with him. In this state of affairs, Bours replied by letter to this inquiry of Falkner, Bell & Co., that he did not think the property would sell for over $5,000; that the tenant of it was dissatis-

fied with the present rents, which he, however, declined reducing. Falkner, Bell & Co. sent this letter of Bours to Arguello, at Santa Clara. Several days after that the latter wrote to Falkner, Bell & Co. that he agreed with Bours in his opinion of the property, and requested them "to communicate with Mr. Bours, and try to sell the property at a price as near as possible to $5,000." This letter was sent to Bours by Falkner, Bell & Co., stating that it authorized the sale of Arguello's property "at or about your figures, namely, $5,000." Bours replied to Falkner, Bell & Co.'s letter, stating that he had ordered an abstract of title to the property to be prepared, and had "placed the same in the hands of a competent broker," and hoped soon to report a sale of it. Bours testified in this connection that Mr. Cutting, the broker in whose hands he had placed the property, had been in the real estate business for about twenty-five years, etc. Cutting testified that he tried for several weeks to sell the property, but could not. The purport of the letter of Bours just mentioned was communicated by letter to Arguello by Falkner, Bell & Co. At or about this time Bours wrote to Falkner, Bell & Co. that the only offer he had received for the property, free of broker's commissions or costs of deed, was $4,500, "which offer I have accepted, subject to the approval of the owner." He inclosed in that letter a deed for signature, with name of purchaser and amount blank. The letter of Bours was sent to Arguello by Falkner, Bell & Co., with the deed for Arguello's signature, should he approve of the terms mentioned. Falkner, Bell & Co. declined to advise as to the matter, because they knew nothing of the value of the real estate, but stated that they considered Bours a competent and reliable man. Closing, they wrote: "It remains for you to decide as to the price." Falkner, Bell & Co., after receiving the deed signed and acknowledged by Arguello, with the blank filled in by him as to the amount of the purchase price, $4,500, but the name of the grantee omitted, sent the instrument to Bours, with a letter requesting, "Please advise us when the matter is settled." After that Bours sent to Falkner, Bell & Co. a check for the amount of balance due for rents, etc., and also a check for the $4,500, "proceeds of the sale of the property, but did not state who was the purchaser of the property." Falkner, Bell & Co. acknowledged the receipt of the checks, and stated

that they had placed them to the account of Arguello. They informed Arguello of these facts by letter also. Arguello acknowledged receipt of this letter, and appeared to approve of their acts in receiving the money and putting it to his credit. About two months after this it seems that Arguello died, and about two years and eleven months after that this action was brought.

The administration of the estate of Arguello was closed, and the estate distributed, but the money paid by Bours to Falkner, Bell & Co. placed to the credit of Arguello, and known and approved by him to have been received and placed there, has never been returned, or offered to be returned, to Bours. He went into possession as soon as he got the deed, and paid his money. The evidence shows that he paid all the property was worth; that he had no intention of committing any fraud whatever. The most that can be said is that he did not understand that the law would not authorize him, as he did, to have his name inserted by one Inglis, a clerk, in the blank deed, and·that he did not understand if he was really the agent of Arguello; that he could not be agent and purchaser without Arguello knowing it, or unless afterward, when informed of the real facts, Arguello made no objection. It is plain that what Arguello wanted was to obtain his price for the property, and that he would not have objected to Bours as a purchaser at a fair price. It is manifest from the letters, and from the acts of Arguello in signing, acknowledging, and filling in the deed with the purchase price, and the acceptance of the money after it was sent by Bours to Falkner, Bell & Co., and placed to Arguello's credit, that the latter agreed to sell this property for $4,500 to anyone who would pay that amount of money for it. It further appears from the evidence that this amount of money was the full and fair value of the property; and that the agreement made by Arguello to sell this property for the sum of $4,500, to anyone who would pay that amount for it, was partially performed by Bours paying the money therefor, and entering into possession thereof. Conceding that Bours was Arguello's agent, and had no right to sell to himself, the evidence tends to show that Arguello knew, after he received the money by the check of Bours, that the purchaser who had gone into possession was Bours, and that Arguello did not object, but ratified his agreement to sell after

the disclosure of the name of the intended purchaser, who was Bours, his agent. This being the case, and the sum paid having been the full and fair price for the land, the contract is not open to objection on the ground of fraudulent concealment. Certainly it could not be avoided by Arguello or his heirs, unless they return or offer to return the money paid, which they have not done. We therefore advise the judgment be affirmed.

We concur: Hayne, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.