Argument for Respondent.

[No. 3,764.]

# HENRI MILLER *v.* JOHN J. FULTON.

EQUITABLE DEFENSE IN EJECTMENT.—An equitable defense interposed in ejectment should contain in substance all the elements of a bill in equity.

IDEM.—In ejectment, an equitable defense that the defendant gave the plaintiff a deed of the demanded premises, absolute in form, but that the deed was intended as a mortgage to secure a debt, should be set up in the form of a cross-complaint, or separate defense, and should contain an offer to redeem, and ask for affirmative relief by having the legal title restored to the defendant.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Complaint in ejectment in the usual form. The answer denied the allegations of the complaint, and then proceeded by saying, "and further answering," etc., without setting up the other matters as a separate defense, or in the form of a cross-complaint. The matters further answered were that the defendant gave the plaintiff a deed, absolute in form, of the premises, but that the deed was intended as a mortgage to secure a debt due from the defendant to the plaintiff, and that the defendant was ready and willing to pay the debt, and had offered to pay it, but that the plaintiff refused to receive it. The answer also alleged that the defendant was still the owner in fee of the premises. No affirmative relief was asked for. The Court below rendered judgment for the plaintiff, and the defendant appealed.

*H. B. Janes* and *W. H. Patterson,* for the Appellant.

*E. B. Mastick, S. M. Wilson,* and *W. W. Cope,* for Respondent.

The defense was undoubtedly intended as a legal and not as an equitable defense, and it lacks even the statutory requisites of a cross-complaint. (Prac. Act, Sec. 38.)

On this point, the case falls within the rule laid down in *Hughes v. Davis,* 40 Cal. 117, and other cases decided by this Court. In *Kenyon* v. *Quinn,* 41 Cal. 325, it was held

that a defendant in ejectment, who desires to avail himself of an equitable title as a defense, must plead it, and ask for the appropriate relief. The sufficiency of an answer in such cases is to be determined by the same rules applicable to a complaint.

By the COURT:

It is well settled that an equitable defense interposed in an action of ejectment should contain in substance the elements of a bill in equity, and that its sufficiency, other than as to mere form, is to be determined by the application of the rules of pleading observed in courts of equity, when relief is sought there. (*Bruck* v. *Tucker*, 42 Cal. 352, and cases there cited.) Tested by this rule the equitable defense attempted here amounts to nothing.

Judgment and order denying new trial affirmed—remittitur forthwith.