[No. 7,482.—In Bank.]
Aug. 21, 1882.

## W. F. WHITTIER ET AL. v. RICHARD STEGE ET AL.

VENDOR AND VENDEE—BREACH OF CONTRACT TO PURCHASE LAND.—A vendor of land, though in law the owner of the legal title, holds it simply as a trustee for his vendee, and therefore can not turn his beneficiary out of possession so long as the latter is willing to perform or offers to perform or if he has performed the contract; but if the purchaser refuses to complete the contract the vendor has the right to treat him as a trespasser or as a tenant at will at his election.

ID.—ID.—EJECTMENT.—In an action of ejectment, by the vendors of land against defaulting vendees, the plaintiffs proved the tender of a deed and a demand and refusal to pay the balance of the purchase money; and also offered to prove a demand and refusal of possession, but were not permitted to do so. The plaintiffs were nonsuited.

Held: The plaintiffs were entitled to prove the demand and refusal of possession, and to recover in the action, subject of course to any equitable relief to which the defendants might be entitled under any equitable defense to the action.

ID.—ID.—ID.—CROSS-COMPLAINT—PRACTICE.—In an action of ejectment where a cross-complaint is filed, the issues arising on the cross-complaint should first be disposed of.

APPEAL from a judgment on nonsuit for the defendants and from an order denying a motion for a new trial in the Superior Court of the County of Alameda. CRANE, J.

A petition for rehearing was filed in this case after judgment and denied.

*G. F. & Wm. H. Sharp,* for Appellants.

In the absence of evidence showing respondents had equities, the cause stood as an action at law. By not complying with

their agreement, the respondents lost all rights under the agreement. By their breach of the agreement, their possession became unlawful. (*Hotaling* v. *Hotaling*, 47 Barb. 163; *Wright* v. *Moore*, 21 Wend. 230; *Gregg* v. *Von Phul*, 1 Wall. 274; *Baker* v. *Gittings*, 16 Ohio, 485; *Pierce* v. *Tuttle*, 53 Barb. 155; *Dean* v. *Comstock*, 32 Ill. 173.)

The Court erred in ruling out the evidence offered to show demand, and refusal to deliver possession after the breach of contract by respondents. (*McClane* v. *White*, 5 Minn. 178, and cases cited above.)

*Taylor & Haight*, for Respondents.

The defendants were the equitable owners of the land, and were lawfully in possession under a contract which had never been rescinded. Besides, as the land was sold out and out to defendants, they became the owners of it, and no remedy was left plaintiffs but to sue for the contract price, or to enforce their vendor's lien. (*Bohall* v. *Dillon*, 41 Cal. 534; *Willis* v. *Wozencraft*, 22 id. 613; 3 Conn. 203–208.)

The COURT:

This case was before Department One of this Court, and its opinion was filed November 29, 1881, reversing the judgment and remanding the cause for a new trial. (8 Pac. C. L. J. 690.) We are satisfied with the views expressed by the Department. It will be the duty of the Court below to first dispose of the issues arising on the cross-complaint.

Judgment and order reversed and cause remanded for a new trial.

The following is the decision of Department One referred to:

McKEE, J.:

On April 5, 1871, defendants contracted with the plaintiffs for the purchase of the premises in controversy, for the sum of three thousand five hundred dollars, one thousand of which they consented to pay "on the first day of November next and the balance within two years from that day," with interest, etc. And on full payment of the purchase money, the plaintiffs covenanted and agreed to convey the premises to

the defendants, their heirs, or assigns, by a bargain and sale deed.

Under this contract of sale, defendants entered into possession, paid the thousand dollars of the purchase money which became due on November, 1, 1871, but refused to pay the balance at the period mentioned in the contract, or at any time thereafter. Failing to obtain payment, the plaintiffs tendered to the defendants a bargain and sale deed of the premises, on payment by them of the balance due; but the defendants unqualifiedly refused to pay; and, in consequence of their refusal, the plaintiffs commenced the action, out of which this case arises, to recover possession of the premises.

On the trial of the case, the plaintiffs gave evidence of their title; of the sale by them to the defendants; of the entry of defendants under the contract of sale; of their refusal to comply with their contract; and of the tender to them of a deed; and then offered to prove that they had demanded possession of the premises from the defendants, which was refused, but the defendants' counsel objected, and the objection was sustained by the Court, which, also, on motion by the defendants, nonsuited the plaintiffs, on the grounds, that the defendants were lawfully in possession under the contract of sale, and the action was not maintainable against them. These rulings are assigned as errors.

Unquestionably, the defendants as vendees of the plaintiffs, lawfully entered into possession under the contract of sale, and, while in possession under it, recognizing its validity and binding force as a contract, they were not subject to be sued in ejectment by their vendors. For one who enters into possession of land under an agreement to purchase is regarded in equity as owner of an equitable estate in the land, until the performance of his agreement by payment of the purchase money, and then, after payment in full, according to the terms of the agreement, the equitable estate, with which he was clothed before performance, changes into an indefeasable estate; and, in either case, he is regarded as the owner of the land and not subject to an action of ejectment by his vendor; because, although the vendor is in law the owner of the legal title, he holds it simply as a trustee for his vendee, charged with the duty to convey it to his vendee on demand. (*Love* v. *Watkins*,

40° Cal. 548.) As vendor and trustee of the legal title he cannot, therefore, turn his beneficiary out of possession so long as the latter is willing to perform, or offers to perform, or if he has performed, the contract under which he has been let into possession. (*Willis* v. *Wozencraft,* 22 Cal. 607; *Marlin* v. *Willink,* 7 S. and R. 297.) But the defendants have neither performed nor are they willing to perform. On the contrary they absolutely refuse; and while it is true that they lawfully entered into possession, yet, being in, they repudiate the validity of that contract under which they entered, and seek to to retain possession independent of it. Under such circumstances they are not entitled to possession as against their vendors. The equitable estate which they acquired by their entry under the contract of sale, was subject to be defeated by their refusal to comply with the terms of their contract. (*Love* v. *Watkins, supra.*) When, therefore, the defendants, after they had obtained possession lawfully, substituted repudiation of the contract and refusal to comply with its terms, for performance or willingness to perform, they divested themselves by their wrongful act of the equitable estate which they acquired under the contract, and became trespassers or tenants at will, against whom their repudiated vendors could maintain ejectment. The vendors were remitted to their legal title, and in an action upon it the defendants could not invoke as a defense to it a contract of sale which they repudiated and refused to perfom.

"If," says the Supreme Court of New Hampshire, in *Woodbury* v. *Woodbury,* (47 N. H. 11), "the purchaser refuses to complete the contract, the vendor has the right to treat him as a trespasser or as a tenant at will, at his election." (See also *Wendell* v. *Johnson,* 8 N. H. 220; *Alton* v. *Pickering,* 9 id. 494.) And in *Smith* v. *Stewart,* 6 Johns. 47; S. C., 5 Am. Dec. 186; it is held that where one enters into possession of land under a contract for a deed, and refuses to perform the contract, he thereby becomes a trespasser. (See also *Bancroft* v. *Wardwell,* 13 Johns. 489; S. C., 7 Am. Dec. 396.) The same doctrine has been established in *Thorne* v. *Hammond,* 46 Cal. 532. That was a case where the vendor had, "some six months" after default in the pay-

ment of the purchase money, tendered to the vendee a sufficient deed of conveyance to the premises, and at the same time, demanded of him the purchase money, which the defendant refused to pay, and it was held that the vendee, in view of his refusal to pay when payment was demanded, was not entitled, when sued for possession, to set up the contract which he had repudiated, although he had two years after the demand and refusal, tendered the purchase money.

It follows that the Court below erred in its rulings.  Having tendered a deed and demanded payment of the purchase money, which was refused, the plaintiffs were entitled to prove that they had also demanded possession of the premises, which was also refused, and to recover in the action (1 Sug. on Vendors, 312); subject, of course, to any equitable relief to which the defendants might be entitled under any equitable defense to the action.

Judgment and order reversed and cause remanded for a new trial.

We concur:

Ross and McKINSTRY, JJ., concurred.