[No. 8014. Department One. — September 21, 1885.]

YSABEL A. DE ARGUELLO, APPELLANT, v. B. W. BOURS ET AL., RESPONDENTS.

DEED—FILLING IN BLANK AFTER EXECUTION—LEGAL TITLE. — A deed in which the name of the grantee is left blank by the grantor at the time of its execution, and afterward inserted without his authority, does not convey any title, nor does it become sufficient for the purpose of passing the legal title from the fact that the grantee enters into possession and pays the purchase price.

EJECTMENT — EQUITABLE DEFENSE—PLEADING. — In an action of ejectment, where the plaintiff has the legal title, and the defendant is in possession under a contract of purchase from one under whom the plaintiff claims, and has fully complied with the terms of the contract, the equitable title thus vested in the defendant may be pleaded in defense of the action. The facts constituting the defense must be fully stated in the answer, but a prayer for equitable relief is not required, nor is it material that the defendant may by lapse of time or other cause have lost his right to such relief.

APPEAL from a judgment of the Superior Court of the county of San Joaquin, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*D. M. Delmas,* for Appellant.

*Terry & McKinne,* and *J. H. Budd,* for Respondents.

McKINSTRY, J. — This action is ejectment, brought by plaintiff as devisee under the will of José R. Arguello, deceased; the com-

plaint alleging that José R. Arguello was seized in fee of the premises at the time of his death.

The answer admits that José R. Arguello was in his lifetime, and up to the 14th day of September, 1876, the owner in fee of the premises, but alleges that, on that day, he sold and *conveyed* said premises to the defendant for the consideration of $4,000, which was the full value thereof, and which sum was on that day fully paid by defendant Bours to said Arguello, and that said defendant entered into possession of said premises under said sale and not otherwise. That said defendant is and since said 14th day of September, 1876, has been the *owner in fee* of said premises, and that defendant F. A. Ruhl, at the time of the commencement of this suit, occupied and now occupies said premises as the tenant of the defendant Bours, and said Ruhl has and claims no right, etc., except as tenant, etc.

If the foregoing is to be construed as being, in legal effect, merely a denial of the averments of the complaint, the court below erred in refusing to give to the jury the instruction asked by counsel for the plaintiff, which reads as follows:—

"If the jury believe from the evidence that when the deed offered in evidence herein, and dated September 14, 1876, came into the hands of the defendant B. W. Bours, it had already been signed and acknowleged by J. R. Arguello, and that the name of B. W. Bours did not then appear therein, and that afterwards one Inglis, by direction of said Bours, in the absence of said Arguello, and *without any authority* from him, wrote the name of said Bours therein, and that thereupon said Bours took said deed and filed the same for record, the plaintiff is entitled to your verdict."

Certainly the deed did not convey the legal title if Arguello never authorized the insertion of the name of defendant. That such authorization might be proved by circumstantial evidence does not affect the decision of the question.

Nor is the decision of the question affected by the abolition of all distinctions between sealed and unsealed instruments. (Civ. Code, § 1629.) As to unsealed instruments, a blank could always be filled in by a person authorized by the maker. But the instruction above recited speaks of the absence of "any" authority from José R. Arguello for the insertion of the name of Bours.

It is not necessary to determine whether the averment that José R. Arguello "conveyed" to defendant Bours on a certain day, and that the latter, since that day, has been "the owner in fee," may be disregarded.

Some of the instructions given to the jury were confusing and erroneous. The court seems not to have decided whether the answer made an issue simply as to the plaintiff's legal title, or alleged equities which entitled defendants to retain possession of the demanded premises; but to have treated it as doing both. And the jury were authorized (so far as the court below could authorize the jury) to base their general verdict either on a finding that plaintiff did not have the legal title, or if plaintiff had the legal title, that defendant Bours was entitled to retain the possession by virtue of an executed contract of sale and purchase. To reach the second question suggested (was the defendant in possession under such contract fully executed on his part?) the jury were authorized to construe, interpret, and determine the legal effect of an instrument in writing. "If the jury believe . . . . that said Arguello signed and acknowledged a deed for said property and sent the same to the defendant, omitting to insert the name of the grantee, *that by reason of said omission, the deed signed by the said Arguello was not sufficient to pass title,*" etc.

The court also charged :—

"If the jury believe from the evidence that when the deed offered in evidence herein came into the hands of defendant Bours, it had already been signed and acknowledged by J. R. Arguello, and that the name of B. W. Bours did not then appear therein, and that afterwards one Inglis, by direction of defendant, in the absence of said Arguello, and without any authority from him, wrote the name of said Bours therein, and that thereupon said Bours took said deed and filed the same for record, then such deed the court instructs you would not be sufficient to pass the title, unless you further find from the evidence that the defendant purchased the premises therein named from said Arguello, paid the purchase price, and entered into and held possession thereof, claiming the same as his own by virtue of such purchase and payment."

The jury were thus told in effect that although the name of Bours was inserted in the "deed" without any authority, express

or implied, from Arguello, yet such deed would be sufficient "to pass the title," if the defendant purchased the premises, paid the purchase price, and entered into possession, etc. This must be construed as an instruction that, if defendant entered under a contract and had fully performed its conditions on his part, the *legal title* passed to him by the *deed.*

For these reasons the judgment and order must be reversed.

Inasmuch, however, as another question has been discussed by counsel, we deem it proper to say that, under our system of practice, a defendant may plead, as a defense to "ejectment," that he is in possession under a contract of purchase, the conditions whereof have been fully performed on his part; in other words, that he is in possession under a contract which gave him the right of possession, and that he is entitled to retain the possession as against the bare, naked title of his vendor, which the vendor holds disconnected from any real interest. A perfect equity, united to the possession, is under our system equivalent for all purposes of defense to a legal title. (*Morrison* v. *Wilson,* 13 Cal. 494; 73 Am. Dec. 593.) A vendee in possession under an executory contract, the conditions of which have been performed on his part, may avail himself of his equitable title as a defense to an action of ejectment brought against him by the holder of the legal title. (*Love* v. *Watkins,* 40 Cal. 547.) A mere equitable title to land, if of such a character as in equity entitles the holder to the possession, is a sufficient defense to an action for the possession brought by the holder of the legal title. (*Willis* v. *Wozencraft,* 22 Cal. 607.)

But whether a defendant relies upon his equities merely as a defense to the ejectment, or alleges them in a cross-bill and bases on them a prayer for equitable relief, the *facts* must be fully set forth in the answer; as fully as it would be necessary to allege them in the stating part of a bill in equity, praying a decree for a conveyance of the legal title. (*Miller* v. *Fulton,* 47 Cal. 146; *Bruck* v. *Tucker,* 42 Cal. 352; *Kentfield* v. *Hayes,* 57 Cal. 411.) In *Kenyon* v. *Quinn,* 41 Cal. 325, and *Cadiz* v. *Majors,* 33 Cal. 288, the equities of the defendant were not pleaded. The *dicta* in the decisions of cases where the answer consisted of mere denials, that the equitable defense should be pleaded with *a prayer* for affirmative relief, are not to be regarded as authoritative.

In an action of "ejectment," by a plaintiff having the legal title, the defendant may rely on a contract of purchase, which gave him the right of entry, and which has been completely executed and performed on his part, together with his continued possession. But all the facts on which he relies should be averred in the answer. In view of the intimation in *Bruck* v. *Tucker*, it will always be safer to aver (as was done in this case) that the price paid was a just and fair price and the full value of the premises.

Of course, under such circumstances, the defendant will usually pray for equitable relief. If, by lapse of time or for any other reason, he may have lost his right to an equitable decree, he will still be entitled to rely on his perfect equity as a defense to an action brought to deprive him of the possession.

Judgment and order reversed and cause remanded for a new trial.

ROSS, J., and McKEE, J., concurred.