[No. 12896. In Bank. — June 10, 1889.]

## EMELINE WALLACE, RESPONDENT, *v.* T. W. MAPLES ET AL., APPELLANTS.

EJECTMENT — EQUITABLE DEFENSE. — When the plaintiff in an action of ejectment is the owner of the legal title to the property, and the defendants rely upon an equitable defense, they must, in order to prevent a recovery, make out a complete equitable title, and the right of possession thereunder.

ID. — VENDOR AND PURCHASER — BREACH OF CONTRACT OF PURCHASE — OFFSET TO WATER ASSESSMENTS — FAILURE TO CULTIVATE LAND — TENDER OF PURCHASE-MONEY. — When a contract of purchase of land is conditioned upon the proper cultivation by the purchaser of land held under a farming lease, and upon the payment by him of all water assessments against the vendor, a breach of the contract in failing to pay some of the water assessments against the vendor is not excused by reason of the fact that he has an offset against the water company for indebtedness due him; and a failure on his part to cultivate the land as required will render his equitable rights of purchase under the contract unavailing as a defense to an action of ejectment by the vendor, and cannot be remedied by a mere tender and payment into court of the purchase-money.

ID. — IMPROVEMENTS BY PURCHASER. — The fact that the purchaser had sowed alfalfa and planted fruit-trees on the land purchased cannot defeat a recovery in ejectment by the vendor, if the purchaser fails to make good his equitable title by a performance of his part of the contract.

ID. — EVIDENCE — CULTIVATION OF LAND — INSTRUCTIONS OF PURCHASER. — When condition of a contract of purchase as to the cultivation of land is broken by the purchaser, and evidence is given on his part tending to show that part of it was not broken because of the extreme dry weather,

LXXIX. CAL.—28

evidence as to his instructions to his men as to planting the land, provided the rains should come, is immaterial, and may properly be excluded.

ID. — EVIDENCE — LEGAL CONCLUSION — PROVINCE OF COURT. — A general question to a defendant in ejectment who relies upon a contract of purchase as his defense, as to whether or not he had performed all the conditions and covenants contained in the contract, is improper, as calling for a conclusion and asking the witness to decide a question that is for the court alone to determine from the facts proved.

ID. — EVIDENCE — PROMISE WITHOUT CONSIDERATION. — Evidence of an independent promise by a vendor, made without consideration, to advance money to a purchaser to enable him to comply with the conditions of his contract of purchase, may properly be excluded as immaterial and irrelevant.

ID. — JURY TRIAL — EQUITABLE DEFENSE — SPECIAL ISSUES — DISREGARDING VERDICT. — When the legal title of the plaintiff in ejectment is admitted, the findings of a jury upon special issues submitted to it by the court, where the matter to be tried is one of purely equitable defense, are not binding upon the court; and where there is evidence sufficient to sustain the action of the court in disregarding a verdict in favor of the defendant and rendering findings in favor of the plaintiff, its action will not be disturbed on appeal.

APPEAL — TRANSCRIPT — REVIEW OF RULINGS. — An objection to a ruling of the court below upon evidence will not be considered, if the transcript upon appeal does not disclose that the ruling objected to was made.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

A. B. Hunt, for Appellants.

A. N. Drown, for Respondent.

WORKS, J.—This is an action in ejectment. The defendants answered denying the allegations of the complaint, and by way of counterclaim set up an equitable title to the land in controversy.

The answer discloses about this state of facts: The respondent was the owner of five separate tracts of land. She leased four of these tracts to the appellant T. W. Maples, for the term of four years, in consideration of which he agreed in the contract of leasing that he would sow certain named quantities of the land in certain designated crops, and pay certain assessments that were

expected to be made against the respondent by certain water companies for water used on the land, and pay the state and county taxes.

At the same time the respondent executed to both of the appellants, who are husband and wife, an agreement to convey to the wife the other tract of land above mentioned on certain conditions to be performed. It was stipulated in said last-named contract:—

"Provided always, that said parties of the second part shall and do yearly, on or before the last day of each year of said period, pay to said party of the first part the sum of $584, lawful money of the United States of America, and pay and discharge, as the same becomes due and payable, all state, county, and school district taxes that may be levied or assessed upon said land during the period they occupy the same under this agreement; and provided, also, that the said T. W. Maples, one of said second parties hereto, shall at all times well and truly perform all the stipulations, promises, and agreements on his part contained in that certain written farming contract bearing even date with these presents, wherein the party of the first part hereto is the party of the first part, and said T. W. Maples is the party of the second part, and not otherwise."

And upon said conditions being complied with, and the sum of $5,840 paid, the respondent bound herself that she would on the first day of October, 1888, convey the property to the wife by a good and sufficient deed. The appellants took possession of this last-named tract of land under said agreement to convey, and this action is to recover the possession thereof.

The appellants alleged in their counterclaim that they had fully complied with the terms of the said contract on their part. Whether they had or not was the question litigated in the case. It was found against them by the court below; a new trial was denied, and they appeal.

The main contention of the appellants is, that the findings of the court that the appellants had not complied with the terms of the "farming contract," as it is termed, in that the land was not cultivated as provided for, and the assessments for water and the taxes were not paid, are not sustained by the evidence. There was evidence sufficient to warrant the court in finding that the appellant T. W. Maples failed, without sufficient excuse, to break and sow a large part of the ground. It is conceded that the water assessments were not all paid. It appears that the appellant paid the greater part of the assessments, and he seeks to avoid the effect of a failure to pay the balance by showing that the water company was at the time indebted to him in a sum sufficient to make up the amount. But conceding this, it furnished no excuse for a failure to pay an assessment which was against the respondent, not him, and against which his claim was not an offset. He should have paid the assessment, and looked to the companies for the amount due him from them.

As it was conceded that the respondent was the owner of the legal title to the property, the appellants were bound, in order to prevent a recovery, to make out a complete equitable title and the right to possession thereunder. (*Blum* v. *Robertson*, 24 Cal. 141; *Love* v. *Watkins*, 40 Cal. 565; 6 Am. Rep. 624; *Willis* v. *Wozencraft*, 22 Cal. 615.) This they failed to do.

It is urged that, as to the failure to make the payments referred to, time was not of the essence of the contract, and that as it appears that the money was tendered soon after, and was tendered and paid into court, with the answer, this was sufficient. But if this be conceded, it cannot aid the appellants' case, as the failure to comply with the contract in respect to the cultivation of the land could not be thus remedied, and such failure was sufficient to defeat their equity.

There was evidence on the part of the appellants tend-

ing to show that a part of the land was not broken because of the extreme dry weather. The appellant T. W. Maples was asked this question in that connection: "What were your instructions, provided the rains should come, as to planting that land after that?" This was objected to, and the objection was sustained. We see no error in this ruling. The appellant was allowed to show that the season was a very dry one, as a reason for his having failed to plow the ground. What his instructions to his men were, in case the weather should change, was immaterial.

The court also sustained an objection to this question: "State whether or not you have performed all the conditions and covenants mentioned in exhibit 2." The ruling was right. The question called for a conclusion. It was asking the witness to decide a question that was for the court alone to determine from the facts proved.

The appellant also offered to prove that the respondent had, before and after the making of the agreements above mentioned, verbally promised to let him have money to carry out the farming contract, and the evidence was excluded. There was no error in this ruling. The promise was not a part of the contract in controversy, nor did it appear to have been made upon any consideration. Therefore evidence to prove it was immaterial and irrelevant.

There is objection made to a ruling of the court sustaining an objection to a question to the appellant, whether he did certain work "with regard to building ditches or conveying water upon the land," but the transcript does not show any such ruling by the court.

It is contended that certain other findings of the court were not sustained by the evidence, but we think there was evidence to support them.

Error is assigned on the ruling of the court, against the right of the appellant to prove the indebtedness of the water companies to him, as an excuse for the failure

to pay the balance of the assessments. For the reasons above stated, we think the ruling was correct.

The fact that the appellants had sowed alfalfa and planted fruit-trees on the land could not defeat a recovery in this action, it appearing that he had failed to make good his equitable title by a performance of his part of the contract.

*Willis* v. *Wozencraft,* 22 Cal. 613, relied upon by the appellant, is not to the contrary, as in that case it was not claimed that the defendant had failed in any respect to comply with his contract, nor was the question of improvements involved in the case.

Certain special issues were submitted to a jury, and answered in favor of the appellants. The court disregarded these findings, and rendered findings of its own in favor of the respondent. The legal title of the respondent having been admitted, the matter to be tried was purely equitable, and being so the findings of the jury were not binding on the court. (*Freeman* v. *Stevenson,* 63 Cal. 499; *Sweetser* v. *Dobbins,* 65 Cal. 529.)

We think there was evidence sufficient to sustain the action of the court in disregarding the findings of the jury and rendering findings in favor of the respondent.

Judgment and order affirmed.

THORNTON, J., McFARLAND, J., SHARPSTEIN, J., and PATERSON, J., concurred.

Rehearing denied.