[No. 13992.   Department Two. — December 21, 1891.]

## J. R. COATES, RESPONDENT, *v.* D. H. CLEAVES ET UX., APPELLANTS.

EJECTMENT — VENDOR AGAINST VENDEE — NOTICE TO QUIT — PLEADING — DEMAND AND REFUSAL. — A vendee in the possession of land who entered under a contract of sale, agreeing to pay interest on the purchase price in place of rent, and expressly agreeing that the vendor could re-enter in case of a failure to pay, but who afterwards repudiated the contract, refusing to pay the interest due, and claimed title adversely to the vendor, is not entitled to a notice to quit, and the complaint in an action by the vendor to recover the possession of the property need not aver a demand and refusal.

ID. — ESTOPPEL OF VENDEE. — A vendee of land who enters into its possession under a contract of purchase from the vendor, and afterwards repudiates the contract, is estopped from denying his vendor's title in an action of ejectment against him by the vendor.

ID. — OUTSTANDING CLAIM. — The fact that there was an outstanding claim to an undivided interest in the property purchased by the defendants, which was known to them at the time of the agreement to purchase, and that the plaintiff agreed to purchase it and failed to do so, cannot be considered in an action of ejectment brought against the vendee after he has repudiated the contract and claimed title adversely to the plaintiff.

ID. — EVIDENCE — BOND FOR DEED. — In an action of ejectment it is not error to admit in evidence a bond for a deed under which the defendants entered into the possession of the land in controversy, and which was duly executed by the plaintiff, the vendor of the land, and accepted by the defendants, and admitted to be genuine by the defendants upon the trial.

ID. — FINDING — OWNERSHIP. — A finding in an action of ejectment, that the plaintiff is the owner of the land in controversy, is a sufficient finding that the defendants are not the owners.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion.

*Chase & Miller*, for Appellants.

The complaint does not show any demand for the possession of the premises, and a demand should have been alleged and proved. (*Willis* v. *Wozencraft*, 22 Cal. 616; *Arguello* v. *Edinger*, 10 Cal. 159; Sugden on Vendors, 212, 264; *Blum* v. *Robertson*, 24 Cal. 145; *Frisbie* v. *Price*, 27 Cal. 253; *C. P. R. R. Co.* v. *Mudd*, 59 Cal. 585; *Hicks* v. *Lovell*, 64 Cal. 14; 49 Am. Rep. 679; *S. P. R. R. Co.* v. *Terry*, 70 Cal. 484; *Hannan* v. *McNickle*, 82 Cal. 122; Civ. Code, secs. 789, 790.)

*W. S. Tinning*, and *E. G. Knapp*, for Respondent.

Where a person enters into the possession of the land of another, with his assent, under a contract to purchase the same, the vendor may maintain ejectment against him, after default in either of the payments stipulated in the contract; and the claimant need only prove the contract of purchase, and that the defendant was in possession at the time the action was commenced. (Tyler on Ejectment, 558; *Whittier* v. *Stege*, 61 Cal. 240.) Defendants were estopped from setting up an adverse title in themselves, or from denying the title of plaintiff. (Sedgwick and Wait on Trial of Title to Land, sec. 317; Herman on Estoppel, sec. 376; *Hicks* v. *Lovell*, 64 Cal. 20; 49 Am. Rep. 679; *Pershing* v. *Canfield*, 70 Mo. 140; *Lesher* v. *Sherwin*, 86 Ill. 420; *Seabury* v. *Stewart*, 22 Ala. 207; 58 Am. Dec. 254; *Fitzgerald* v. *Spain*, 30 Ark. 95; *Hill* v. *Winn*, 60 Ga. 337; *Sanford* v. *Cloud*, 17 Fla. 557; *Galloway* v. *Finley*, 12 Pet. 264; *Jackson* v. *Bard*, 4 Johns. 230; 4 Am. Dec. 267; *Jackson* v. *Ayers*, 14 Johns. 224; *Jackson* v. *Hotchkiss*, 6 Cow. 401; *Jackson* v. *Walker*, 7 Cow. 637; *Jackson* v. *McGinness*, 14 Pa. St. 331; *Strong* v. *Waddell*, 56 Ala. 471; *Bowers* v.

*Keesecker,* 14 Iowa, 301; 2 Smith's Lead. Cas. 659; *Greeno* v. *Munson,* 9 Vt. 37; 31 Am. Dec. 605; *Lynch* v. *Baxter,* 4 Tex. 431; 51 Am. Dec. 735; *Champlin* v. *Dotson,* 13 Smedes & M. 553; 53 Am. Dec. 102; *Hoen* v. *Simmons,* 1 Cal. 119; 52 Am. Dec. 291.) The allegation of a demand for possession was unnecessary. (*Payne* v. *Treadwell,* 16 Cal. 247.) Defendants were tenants at will of the plaintiff after the rescission of the contract by them. (*Simpson* v. *Applegate,* 75 Cal. 345.) The tenancy being at will, the defendants were not entitled to notice. (Taylor on Landlord and Tenant, 8th ed., sec. 522; *Smith* v. *Ogg Shaw,* 16 Cal. 88; *Dodge* v. *Walley,* 22 Cal. 225; 83 Am. Dec. 61; *Bolton* v. *Landers,* 27 Cal. 104.)

TEMPLE, C. — This is an action to recover the possession of real estate in which plaintiff recovered judgment, and defendants appeal from the judgment and an order refusing a new trial.

Appellants, who are husband and wife, entered into possession of the premises in controversy under a contract with plaintiff dated August 8, 1883, by which they agreed to purchase the same for the sum of five thousand two hundred dollars, to be paid on the eighth day of August, 1886, with interest payable monthly. It was also stipulated as follows: "And it is further mutually agreed and contracted that in consideration that the said obligees have immediate and absolute possession of said property, that in case they do not pay said interest herein specified to the obligor, he may enter in and take possession thereof without process of law."

Appellants have remained in possession ever since, and continued to pay the stipulated interest until about August 8, 1889, when they refused to make further payments, and notified plaintiff that they claimed title adversely to him.

October 19, 1889, they executed, acknowledged, and recorded a formal instrument, by which they declared that they " do hereby and now surrender and turn over to J. R. Coates, of the above-named county and state, the

bond for a deed, .... and hereby relinquish and surrender unto the said J. R. Coates all rights and benefits transferred to us by said bond for a deed."

After they repudiated the contract, plaintiff offered them $450 and a month's rent to leave, which they refused.

The complaint is sufficient. It was not necessary to aver a demand and refusal. The defendants entered under the plaintiff, agreeing to pay interest on the purchase price in place of rent, and expressly agreed that plaintiff could re-enter in case of a failure to pay. They repudiated the relation in the most formal manner, and set up title in themselves adversely to the plaintiff. In such cases, demand and notice are not necessary. (*Simpson* v. *Applegate*, 75 Cal. 345.)

And the defendants are estopped from denying the plaintiff's title. (Tyler on Ejectment, 558; *Hicks* v. *Lovell*, 64 Cal. 20; 49 Am. Rep. 679.)

There was no deceit or fraud, and no failure of title. It seems there was outstanding a claim to an undivided interest in the property which the defendants purchased. This outstanding title or claim was known to the defendants when they entered into the contract. The defendant Hannah M. testified that she called attention to this outstanding title at the time they received the bond, and plaintiff promised to purchase it. Otherwise she would not have accepted the bond. Whether failure to buy up this title would release defendants from their contract, or whether plaintiff could compel defendants to convey the same to him upon paying the purchase price, is not involved in this case.

There was no error in admitting the bond in evidence. It was enough that it was executed by plaintiff, accepted by defendants, and possession taken under it. Besides, defendants admitted its genuineness in their testimony.

The finding that plaintiff was the owner was a sufficient finding that defendants were not, and besides, defendants were estopped from claiming title.

We advise that the judgment and order be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.