## FEDERAL FARM MORTGAGE CORPORATION v. DAVIS et al.

### No. 10175.

Circuit Court of Appeals, Ninth Circuit.

Dec. 28, 1942.

Richard W. Young, Percy A. Smith, and M. G. Hoffmann, all of Berkeley, Cal., for appellant.

No appearances entered for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

On June 5, 1939, appellant entered into an agreement with appellees for the sale to the latter of certain land in Tehama County, California, for the sum of $4,000. Upon the execution of the agreement appellees paid $350 on the purchase price, but have paid nothing further. Under the terms of the contract they were bound to make an additional payment of $450 within 60 days, the balance, together with interest, to be paid in semiannual installments beginning July 1, 1940, and extending over a period of 20 years, deed to be given upon performance of the stipulated conditions and completion of the payments. Time was made of the essence of the agreement; and in the event of default the vendor reserved the option either of enforcing immediate payment of the balance of the purchase price, or of forfeiting all the buyers' rights under the agreement. In the latter event payments already made were subject to retention as liquidated damages.

Appellees went into possession of the land on the execution of the agreement. On June 30, 1941, they being then in default in respect of the payment of all matured installments, including interest and certain advances for taxes and insurance, appellant notified them in writing that the agreement was cancelled and all of their rights thereunder terminated. On October 6, 1941, appellant instituted suit in ejectment in the state court; and later in the same month appellees filed a petition in the court below pursuant to § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, pray-

ing that they be afforded an opportunity to effect a composition or an extension of time to pay their debts. Appellees having included the farm in question in their schedule of assets, appellant moved to strike the same from the schedule, accompanying the motion with a showing of the facts above recited. The motion was denied by the conciliation commissioner, and on review by the judge the commissioner's order was affirmed. This appeal followed. The debtors have not appeared on the appeal and have filed no brief in this court.

The court below recognized that the debtors, at the time of the filing of their petition, were in default under the contract and that the vendor had properly declared a forfeiture of their rights. But it was of opinion that the debtors still had recourse to equitable relief to be afforded in bankruptcy, notwithstanding there had been neither offer of performance, equitable excuse for non-performance, nor apparent willingness to perform. In ruling on the motion, the court relied on § 3275 of the California Civil Code [1] and on our opinion in Neely v. Gunning, 9 Cir., 124 F.2d 7.

■ We think the ruling was error. The California courts appear not to apply the quoted statute to forfeitures of installment contracts for the purchase of land where time is of the essence.[2] In the very recent case of Ballard v. MacCallum, 15 Cal.2d 439, at page 444, 101 P.2d 692, at page 695, the Supreme Court observed that "In this state, by a long line of decisions, we have recognized such forfeitures in instalment contracts for the purchase of land and in conditional sales of goods. But aside from these special situations, our courts follow the accepted doctrine that equity will relieve even against an express provision for forfeiture," citing Civil Code § 3275 and other authorities.

■ The leading case on the subject in this jurisdiction is Glock v. Howard & Wilson Colony Company, 123 Cal. 1, 55

P. 713, 43 L.R.A. 199, 69 Am.St.Rep. 17. The suit there was for the recovery of moneys paid on a contract for the purchase of land, where the vendee had incurred a forfeiture of the contract by reason of his failure to make later payments. After the expiration of the time for final payment the vendee made a tender of the balance which the vendor refused. The court held that the vendee was entitled to no relief, stating page 16 of 123 Cal., page 718 of 55 P. that the vendor, in refusing to accept the tender, was standing squarely upon the terms of his contract. "The contract," said the court, "is made to depend upon a condition precedent. By its terms no right is to vest in the vendee until certain acts of payment have been done by him, and a court of equity no more than a court at law will relieve a vendee, under such circumstances, from the penalties arising from the breach of such condition, in the absence of an equitable showing to excuse his default." [3] And in Whittier v. Stege, 61 Cal. 238, page 241, which was an action for possession against vendees of real property who had failed to pay installments of the purchase price, it was held that the vendees by their refusal to perform had divested themselves "of the equitable estate which they acquired under the contract, and became trespassers or tenants at will, against whom their repudiated vendors could maintain ejectment." See further as illustrative of the rule, Oursler v. Thacher, 152 Cal. 739, 93 P. 1007; Skookum Oil Company v. Thomas, 162 Cal. 539, 123 P. 363; Mayer v. West, 96 Cal.App. 31, 273 P. 849.

■ We conclude that upon the forfeiture of this contract for the default of the vendees, the latter ceased to have any interest, legal or equitable, in the land. Their continued possession was therefore without right. Subsection n of § 75 of the Act provides that the filing of the petition "shall immediately subject the farmer and all his property * * * to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property,

---

[1] "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty." Cal.Civ.Code § 3275.

[2] Henck v. Lake Hemet Water Co., 9 Cal.2d 136, 143, 69 P.2d 849.

[3] While the principle of Glock v. Howard & Wilson Colony Company, supra, has been subjected to implied qualifications to fit special situations, the authority of the case appears undiminished. See 27 Cal.Law Rev. 583.

including among others, contracts for purchase, contracts for deed, * * *" etc. In State Bank of Hardinsburg v. Brown, 63 S.Ct. 128, 130, 87 L.Ed. ——, November 16, 1942, it was said that this subsection "does not evidence any intent on the part of Congress to bring back into the bankruptcy proceeding property which was once owned by the bankrupt and as to which his ownership and interest has been extinguished."[4]  Cf. Union Land Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041; Mangus v. Miller, 63 S.Ct. 182, 87 L.Ed. ——, December 7, 1942.  Consult also Bastian v. Erickson, 10 Cir., 114 F.2d 338, 340; Federal Land Bank of Louisville v. Brown, 7 Cir., 118 F.2d 871, 872; Federal Land Bank of Omaha v. Davis, 8 Cir., 128 F.2d 435, 437.

Our decision in Neely v. Gunning, supra, is not in point.  That case involved different facts.  The forfeiture was not thought perfected; and principles of equitable relief adhered to in the state of Washington were believed applicable.

Reversed.

---

[4] Subsection *o* of § 75, prohibiting, among other proceedings, suits for the recovery of possession of land, must of necessity relate to situations in which the debtor's possession is not merely tortious or by sufferance.