**STARR KING SCHOOL FOR THE MINISTRY v. KINNE et al.**

**No. 10735.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 11, 1944.

Rehearing Denied Jan. 17, 1945.

Cushing & Cushing, Cullinan, Trowbridge & Gorrill, of San Francisco, Cal. (Fred C. Pugh, Red Bluff, Cal., of counsel), for appellant.

Duard F. Geis, of Willows, Cal., for appellees.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court confirming the order of the Conciliation Commissioner in the bankruptcy proceeding in Tehama County, California, instituted by the appellees, holding that certain real property, grain and hay land, should not be stricken from the bankrupt's schedules.

On March 27, 1937, in California, appellant-owner of the land and appellee Dwight D. Kinne entered into a contract of sale of the land in question, the payments to be in installments. Under the contract the purchase price of $3,000 was to be paid as follow: $450 on the execution of the contract and $200 on the 29th day of March, 1937 and a like sum annually thereafter until the sum of $2,500 had been paid, deferred payments to bear interest at 5% per annum. Time was made of the essence and the contract provided: "It is agreed that if Buyer fails to comply with the terms hereof Seller shall at once be entitled to retake possession of the premises and retain all moneys theretofore paid as compensation for the use and occupation of the premises by Buyer up to such time and Buyer shall have no right to said land or otherwise under this agreement thereafter." At the same time there was a lease of the lands to appellee Charles H. Kinne, the brother of Dwight, to which lease the contract of sale was made subject.

Of the sums due on the contract, after the down payment of $450, $200 was paid in 1938 and $125 in 1939. Nothing has since been paid on principal or interest. None of the rentals of the leasehold has

been paid. The vendee entered into possession of the land and farmed it for the six years up to the filing of the petition in bankruptcy. For several months prior to February, 1942, negotiations were had to scale down the balance of the indebtedness but without result, and on February 23, 1942, appellant served a written notice on Dwight Kinne that unless the balance due of $972.25 and interest were paid on or before March 29, 1942, appellant would immediately retake the premises and terminate all rights of the vendee in the premises.

No further negotiations were had thereafter. Letters written to appellant received no reply. Appellee was permitted to farm the property through the year 1942. On January 28, 1943, appellant wrote to the Farm Security Administration which had written the unacknowledged letters to appellant, advising that since no solution had been found, and the debtors had failed to bring the contract to date, the appellant had negotiated with another purchaser for the land.

At some time in the seven year period, appellant was advised that Charles H. Kinne had acquired an interest in the contract of purchase and on February 10, 1943, appellant served on both Kinnes, at the ranch, a written notice that the contract was terminated. Suit was also brought in the superior court of Tehama County, California, to recover possession of the land.

Thereafter, on February 26, 1943, appellees filed their petition in bankruptcy and listed the lands in question in the schedules of assets. The motion to strike the lands from the schedules followed. The District Court has not aided us with an opinion in affirming the order of the Conciliation Commissioner.

This court in Federal Farm Mortgage Co. v. Davis, 9 Cir., 132 F.2d 663, decided the California law with respect to the termination of contracts for the sale of land on installment payments, containing the provisions of the instant contract set forth above. We there held that law to be that, on the nonpayment of installments when due, the vendor could, by notice, terminate the contract and that the vendee was not entitled to notice of a future termination with the right to make compensation in full and thereby acquire title to the land.

Appellees do not question this to be the California law, but contend that it was laches to permit the appellees to continue to farm the land through the season of 1942, after the notice of February of that year, which laches led them to make certain improvements of an undisclosed value to the house and to the barn, which contained their hay crop. We do not regard the allowance of the further year's farming coming after the notice of February, 1942, and the obvious inference of a continuing intent to terminate the contract of sale by ignoring the letters, following the notice, seeking a compromise of the payments due, as constituting laches on the part of appellant.

Since the contract was terminated before the petition in bankruptcy was filed, the estate in bankruptcy acquired no interest in the lands in question and the District Court erred in affirming the order of the Conciliation Commissioner. The order is reversed and the case remanded for proceedings in accord with this opinion.

Reversed and remanded.