[Civ. No. 2928.   Second Appellate District, Division Two.—July 31, 1919.]

# R. C. ANDREWS, Appellant, v. A. KARL, Respondent.

[1] VENDOR AND VENDEE — CONTRACT OF SALE — TIME MADE OF ES-SENCE—WAIVER OF FORFEITURE.— Where time is made of the essence of a contract for the sale of land, terminating it upon a failure to comply strictly and punctually with its conditions, its effect is to entail a forfeiture by sheer force of the contract itself, upon the mere default of the purchaser by his failure to make payments at the times and in the manner that he obligated himself to, provided, however, that the vendor has not waived the default or consequent forfeiture, which he has the right to do. This he may do by express agreement to that effect, or by un-equivocal acts or demeanor affording reasonable inducement for the purchaser, in reliance thereon, to alter his course as to strict and punctual compliance with his contract, either in advance of or after the prescribed time.

[2] ID.—SUSPENSION OF RIGHT OF FORFEITURE — HOW REVIVED.—The stipulation in a contract of sale that time shall be of the es-sence of the contract is made solely for the benefit of the ven-dor, and where the conduct of the vendor, or the entire course of business between the parties, amounts to a waiver of such clause, such waiver creates a temporary suspension of the right of for-feiture, which can only be revived by giving definite and specific notice of an intention to revive and enforce it.

[3] ID.—ORAL STATEMENTS OF VENDOR—USE OF INSTALLMENT MONEY ON PROPERTY—SUSPENSION AND REVIVAL OF RIGHT OF FORFEITURE. Where the vendor, under a contract which made time of the essence of the contract, prior to the maturity of the first annual install-ment thereunder, told the vendees that he did not need the money, but that "it would be better for them to use the money in work-ing and improving the land . . . and that *after* they had im-proved the land it could be sold and . . . [he] receive from the purchase price the amount due him," the right of forfeiture was temporarily suspended and could only be restored by a definite and specific notice of an intention to restore the same, by giving notice to make the payments as provided by the contract and a reasonable time thereafter within which to comply therewith.

1. Time as essence of contract between vendor and purchaser of land, note, 104 Am. St. Rep. 266.

Time for performance of contract for sale of land where time fixed by contract has been waived, note, 4 A. L. R. 815.

[4] ID.—RIGHT TO MAINTAIN ACTION IN EJECTMENT.—Where a vendor, prior to the maturity of the first annual installment, advises the vendees who, under the contract of sale, are let into possession, that after they have improved the land, it may be sold, and then the sums due him, whatever they might be, can be paid, he may not thereafter maintain an action in ejectment against them, without first having given them definite and specific notice of his intention to restore the right of forfeiture and a reasonable time within which to comply with the provisions of the contract.

[5] ID.—DEMAND FOR POSSESSION—INSUFFICIENT NOTICE.—A demand for possession is not the equivalent of a notice to the vendee to perform the covenants stipulated in his contract of purchase.

APPEAL from a judgment of the Superior Court of Orange County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kendrick & Ardis for Appellant.

H. C. Head for Respondent.

FINLAYSON, P. J.—This is an action in ejectment to recover possession of real property in Orange County. The judgment, after adjudging plaintiff to be the owner, directs defendant to deliver possession upon the payment to him by plaintiff of one thousand dollars. Plaintiff, claiming that he is entitled to possession unconditionally, appeals from the judgment.

The outstanding facts, as shown by the findings, are substantially as follows: On November 7, 1913, plaintiff, being then the owner of the property, and defendant and one M. Neimark, executed a written contract whereby plaintiff, as the vendor, agreed to sell and convey the property to defendant and Neimark, as the vendees, for $21,350, payable, two thousand dollars at the date of the execution of the contract, and the balance in equal installments, the first installment, one thousand dollars, to be paid on February 10, 1914, the second, $1,350, on January 1, 1915, and the remaining installments on the first day of January

_____

4. Right of vendor to recover possession on default of purchaser, note, 107 Am. St. Rep. 722.

of each succeeding year to and including January 1, 1924, with interest on all deferred payments. The vendees likewise agreed to pay all state and county taxes and assessments. The vendees were to be entitled to all crops grown upon the land. Time was made of the essence of the contract. It also was provided that if the vendees failed to comply with the terms of the contract, they should forfeit all rights to the property and to any moneys paid by them. Upon the execution of the contract the vendees entered into possession thereunder. No part of the purchase price has been paid, except the two thousand dollars paid at the date of the execution of the contract. Nor have the vendees paid any part of the taxes for the year 1915. The action was commenced December 17, 1915. After the execution of the contract, but prior to February 10, 1914—on which date the first annual installment was payable by the vendees—plaintiff orally informed the vendees "that he did not need the money and that it would be better for them to use the money in working and improving the land and thereby increase the value thereof, and that after they had improved the land, it could be sold and the plaintiff receive from the purchase price the amount due him under the terms of the contract; . . . that defendant and said M. Neimark would then be repaid the sum of two thousand dollars which they had paid on account of the purchase price of the land, . . . and that the balance obtained on the sale of said land could be divided equally between the plaintiff and defendant and said M. Neimark, and that the defendant and said M. Neimark could, in that way, make a good profit from their labor in working and improving the land." In May, 1915, defendant purchased all the interest of his co-vendee, Neimark. Ever since plaintiff informed the vendees that he did not need the money, and that it would be better for them to use the money in working and improving the land, etc., defendant has worked upon and improved the property in accordance with the proposal thus made to him and his co-vendee. Plaintiff purchased from the vendees, for one thousand dollars, the crop that was on the land at the time they took possession; and the court finds that of the two thousand dollars paid to plaintiff at the date of the execution of the contract of

sale, one thousand dollars was repaid to the vendees for the crop. Wherefore, the court finds that the vendees "received the benefit of the said crops so purchased by plaintiff, and plaintiff received the use and benefit of the other one thousand dollars, and no more." Prior to the action, but how long prior thereto the court's findings do not state, plaintiff demanded possession, with which demand defendant refused and still refuses compliance. As a conclusion . of law, the court found that "plaintiff is entitled to a judgment adjudging that he is the owner of all the real property described in plaintiff's complaint; and for a judgment that the defendant deliver possession thereof to the plaintiff upon the payment to defendant, A. Karl, by plaintiff, of the sum of one thousand dollars, with interest at the rate of seven per cent per annum from November 17, 1913."

For reasons presently to be stated, we think the facts found by the court show a waiver of the clause making time of the essence of the contract, and that plaintiff's right to a forfeiture of the vendees' rights under the contract was temporarily suspended—so temporarily suspended that his right to a forfeiture could be restored only by giving a definite and specific notice of his intention to exercise the right if the vendees should fail to pay, within a reasonable time, all sums due under the contract. If there was such a waiver and suspension of the right of forfeiture, then plaintiff is not in a position to complain of the judgment. For if there was such waiver and temporary suspension of the right of forfeiture—not restored by a sufficient notice of intention to revive the original contractual relations and obligations—then plaintiff was not entitled to the possession for failure of the vendees to make the payments at the times fixed therefor in the written contract. And if not entitled to a judgment awarding him possession, plaintiff cannot complain of a judgment that gives him the possession conditionally, i. e., possession conditioned upon his payment of the sum of one thousand dollars.

It should be stated here that the facts found by the court, and which, for reasons presently to be given, were sufficient to establish a waiver of the stipulation making time of the essence, are fairly within the issues tendered

by respondent's answer. Defendant, it is true, did not plead the written contract set forth in the findings. He did, however, plead a contract of purchase, made with plaintiff, under which he and his co-vendee took possession, though his answer does not attempt to set forth all the terms of the contract, nor does it specifically allege whether it was written or oral. But his answer does allege substantially all the facts found by the court respecting what plaintiff said to the vendees, some time prior to February 10, 1914, to the effect that he did not need the money, that it would be better for them to use it in improving the land, and that they could then sell, etc. That is, the answer alleges all the facts which constitute the waiver upon which defendant relies.

Thus, then, is presented the question of the correlative rights of the parties under the facts as found by the court. [1] Where time is made of the essence of the contract, terminating it upon a failure to comply strictly and punctually with its conditions, its effect is to entail a forfeiture by sheer force of the contract itself, upon the mere default of the purchaser by his failure to make payments at the times and in the manner that he obligated himself to, provided, however, that the vendor has not waived the default or consequent forfeiture, which he has the right to do. This he may do by express agreement to that effect, or by unequivocal acts or demeanor affording reasonable inducement for the purchaser, in reliance thereon, to alter his course as to strict and punctual compliance with his contract, either in advance of or after the prescribed time. [2] The stipulation that time shall be of the essence of the contract is made solely for the benefit of the vendor. The rule that the vendor, by his conduct, may waive strict performance and temporarily suspend his right of forfeiture, is based on the doctrine that he should not be permitted to use a provision intended for his benefit as a means of entrapping the purchaser. And where the conduct of the vendor, or the entire course of business between the parties, amounts to a waiver of the clause in the contract making time of the essence, such waiver creates a temporary suspension of the right of forfeiture, which can only be revived by giving definite and specific notice of an intention to revive and enforce it.

(*Stevinson* v. *Joy,* 164 Cal. 279, 285, [128 Pac. 751];
*Boone* v. *Templeman,* 158 Cal. 290, 297, [139 Am. St. Rep.
126, 110 Pac. 947]; *Myers* v. *Williams,* 173 Cal. 304, [159
Pac. 982]; *Pearson* v. *Brown,* 27 Cal. App. 125, 129, [148
Pac. 956]; *Burmester* v. *Horn,* 35 Cal. App. 549, [170
Pac. 764]; *Gray* v. *Pelton,* 67 Or. 239, [135 Pac. 755].)

[3] The proposal made by plaintiff to defendant and his
co-vendee, prior to the maturity of the first annual in-
stallment on February 10, 1914, could only have the effect
to lull the vendees into a sense of security, and induce
them to believe that no payments need be made at the
times provided by their contract, but that, instead, they
could continue to improve the property, thereby increas-
ing its value, look for a purchaser, endeavor to sell the
land, and, if they succeeded in finding a purchaser willing
to buy for an adequate price, adjust, after such sale, all
the financial matters between plaintiff and themselves grow-
ing out of their contract. And because the natural con-
sequence of plaintiff's proposal was to lull the vendees into
a sense of security and cause them to believe that no pay-
ments need be made until they succeeded in finding a pur-
chaser for the land, his conduct was tantamount to a
waiver of any default on the part of the vendees, not only
as to the one payment, but as to all that they should have
made, under the strict terms of their contract, prior to
the action. It is a reasonable inference from the facts
found by the court that defendant and his co-vendee had
not succeeded in finding a purchaser before the action was
begun. The court found that the plaintiff told the vendees,
not only that he did not need the money, but that "it
would be better for them to use the money in working and
improving the land, . . . and that *after* they had im-
proved the land it could be sold and the plaintiff receive
from the purchase price the amount due him." Thus no
definite time was fixed within which the vendees might sell
the property. Unless notified by the plaintiff that he
had changed his mind, the time within which they might
find a satisfactory purchaser might run on indefinitely, so
that no payment need be made, under the terms of the
written contract, unless and until plaintiff notified them
of his intention to revive the original contractual obliga-
tions. And since plaintiff never gave defendant or his

co-vendee definite and specific notice of an intention to restore the right of forfeiture, by giving notice to make the payments as provided by the contract, and a reasonable time thereafter within which to comply therewith, it follows that the right of forfeiture, temporarily suspended by plaintiff's conduct, was not revived before he began his action to recover possession.

[4] Appellant cites authorities to the effect that where the vendee refuses to perform the contract, the vendor, at his election, may treat the vendee as a trespasser or as a tenant at will, against whom ejectment will lie. Undoubtedly it is the rule that where a vendee in possession, neither performing nor willing to perform, has absolutely refused to complete the contract, he may be treated as one who has abandoned the contract under which he entered, and the vendor, by an action in ejectment, may recover the possession. The willful refusal of a vendee to perform his agreement amounts to an abandonment of the contract by him; and a repudiated contract is no protection to a vendee in possession against the legal title. (*Whittier* v. *Stege*, 61 Cal. 238; *Hicks* v. *Lovell*, 64 Cal. 14, [49 Am. Rep. 679, 27 Pac. 942].) While there can be no doubt of the existence of the rule invoked by appellant, the difficulty that confronts him is that the facts pleaded by respondent, and found by the court, do not show an abandonment of the contract on the part of the respondent, nor a refusal to perform. Instead, they show that respondent was relying upon appellant's statement that after the vendees "had improved the land"—an indefinite period of time—it could be sold, and then the sums due appellant, whatever they might be, could be paid. True, the oral proposal made by appellant to respondent and his co-vendee and acted upon by them, did not create an enforceable contract; but, under the doctrine of estoppel, it did effect a waiver of the time clause and a temporary suspension of appellant's right to a forfeiture—a temporary suspension that could be revived only by giving a definite and specific notice of an intention to that effect and a reasonable opportunity to the vendees to comply therewith. There is no pretense that appellant ever gave either of his vendees notice of his intention to revive the original contractual relations and obligations. It is true

the complaint alleges, and the court finds, that "plaintiff has demanded of said defendant A. Karl the possession of said property." [5] But a demand for possession is not the equivalent of a notice to the vendee to perform the covenants stipulated by him in his contract of purchase. Nor does it appear when the demand for possession was made. It may have been made on the very day the action was commenced. So that, even if a demand for possession could be deemed the equivalent of a "definite and specific notice of intention to enforce" the obligations of the contract, so as to revive the temporarily suspended right of forfeiture, it does not appear that the vendees were afforded a reasonable time before the action within which to perform the stipulations of their contract. Until appellant shall have given a definite and specific notice of his intention to restore the original contractual relations and obligations—waived by his oral proposal to the vendees—respondent need not show either a readiness or an ability to perform the strict letter of his written contract.

Judgment affirmed.

Sloane, J., and Thomas, J., concurred.