[Civ. No. 3547. First Appellate District, Division One.—October 28, 1920.]

HENRY J. JENSEN, Appellant, v. CORNING FARMS COMPANY (a Corporation), et al., Respondents.

[1] VENDOR AND VENDEE—ACTION BY VENDEE TO RECOVER PAYMENTS —ABANDONMENT OF CONTRACT—EVIDENCE—FINDING.—In this action by the vendee under a contract for the sale of real property to recover the amount of money paid by him to the vendor under the terms of said contract, after the same had been terminated by the vendor for the alleged failure of the vendee to make certain installment payments due upon the purchase price of said property, according to the terms of said contract, the evidence was sufficient to support the findings of the trial court to the effect that the plaintiff had abandoned said contract prior to the defendants' termination of the same by notice.

[2] ID.—ABANDONMENT OF CONTRACT BY VENDEE—ABSOLUTE TERMINATION BY VENDOR—RECOVERY OF PAYMENTS.—Where the vendee, after having made repeated defaults in the payment of the installments due under his contract for the sale of certain real property, abandons the contract and expressly refuses to perform the same, he is not entitled to a notice from the vendor allowing him further time to perform that which he expressly notified said vendor he did not intend to perform; and such vendor, upon receipt of such notice, having terminated the contract, the vendee is not entitled to recover the payments made by him upon said contract prior to his express abandonment of the same.

APPEAL from a judgment of the Superior Court of Alameda County. E. C. Robinson, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. W. Hughes and W. A. Fish for Appellant.

Elston, Clark & Nichols for Respondents.

RICHARDS, J.—This action was brought by the plaintiff as the vendee under a contract for the sale of real property to recover from the defendant, Corning Farms Company, a corporation, the amount paid by the plaintiff to said defendant under the terms of said contract after the same had been terminated by the vendor for the alleged failure of the

vendee to make certain installment payments due upon the purchase price of said property, according to the terms of said contract.

The amended complaint was in two counts, the first of which set forth the contract *in haec verba* and alleged the making of the payments thereunder for the recovery of which the suit was brought, and further alleging a mutual cancellation, termination, and rescission of said contract. The second count was in the form of the common counts for money had and received by the defendants to and for the plaintiff's use. The defendants in their answer admitted the making of the contract and the payment of the sums alleged to have been paid by the plaintiff thereunder; but they denied that said contract was canceled, terminated, or rescinded by mutual consent, and in that respect affirmatively averred that the plaintiff, after having made repeated defaults in the payment of the installments due upon said contract, had wholly abandoned any intention to carry out or fulfill the terms of the same, and had notified said defendants of his said intent, and that it was only after such repeated defaults and such express notification of the plaintiff's intent to abandon said contract and refuse to fulfill its terms that said defendants had proceeded to terminate the same by giving notice of such termination to plaintiff.

Upon the trial and submission of the cause the court made its findings of fact in which, after finding that the plaintiff had made the payments alleged to have been made by him aggregating the sum of $6,142.58, proceeded to expressly find that the plaintiff, after a series of defaults in making the installment payments due under the terms of said contract, had notified and informed the defendants that he did not intend to, and that he refused to, carry out said contract, and that he had permanently abandoned all intention to perform the same, and that thereafter the defendants had terminated the same by notice to the plaintiff as averred in their said answer. Thereupon the trial court ordered judgment entered in favor of the defendants, and it is from such judgment that the plaintiff prosecutes this appeal.

[1] The first contention of the appellant is that the evidence is insufficient to support the findings of the trial court to the effect that the plaintiff had abandoned said contract prior to the defendants' termination of the same

by notice.  After an examination of the evidence in the case
we are satisfied that there is no merit in this contention,
since the evidence sufficiently shows that the plaintiff not
only orally announced his intention to abandon said con-
tract, notified the defendants in writing of his said inten-
tion, but that he also, and when upon the witness-stand
during the trial of the cause, admitted and repeated his re-
fusal to further perform the terms of said contract.  The
trial court was, therefore, justified in finding that such an
intention existed and had been expressed on the part of
said plaintiff prior to the defendants' notification to him
that they had terminated said contract.

[2]  The next and main contention of the appellant is
that notwithstanding his repeated defaults in making the
payments required by the terms of said contract, and not-
withstanding his expression of an intent to abandon the
same, the defendants were not entitled to terminate said
contract and thereby work a forfeiture of the payments
which the plaintiff had theretofore made upon it, without
first giving to said plaintiff a notice, granting him a rea-
sonable time within which to make said payments and other-
wise perform the terms of said contract, before exercising
their asserted right to terminate the same and to forfeit the
payments which the plaintiff had made thereunder.  In
making this contention the appellant relies upon *Stevin-
son* v. *Joy,* 164 Cal. 279, [128 Pac. 751], *Pearson* v.
*Brown,* 27 Cal. App. 125, [148 Pac. 956], and the later line
of decisions of the supreme court and district courts of ap-
peal upholding the doctrine declared in these cases.  The re-
spondents concede the correctness of the principles enunci-
ated in the foregoing cases, but contend that they have no
application to the facts of the case at bar, for the reason
that while in each of those cases the vendee was in default
in making the installment payments required under his con-
tract, the vendors, having finally accepted such delayed pay-
ments when made, had thereby waived their right to
terminate the contract without first giving to the vendee a
reasonable time within which to perform the same.  In the case
at bar the added fact had been proven that the vendee, in
addition to his repeated defaults, had expressly notified the
vendor of his intention not to perform further the terms of

his contract, and by such notification had rendered the giving of further time for such performance an idle and useless act; and having done so, the vendee was not now entitled to have the vendor perform said idle and useless act before terminating said contract on its part.

We are of the opinion that the authorities sustain the respondents' contention in this regard. In the early case of *Gray* v. *Dougherty,* 25 Cal. 278, the rule is laid down that where a vendee makes known to the vendor that he does not intend to perform the covenants of a contract by him to be performed, the vendor is not bound to do that which would amount to an idle and useless act, in view of the vendee's attitude in respect to the performance on his part of said agreement. This case was cited with approval in the recent case of *Lemle* v. *Barry,* 181 Cal. 1, [183 Pac. 150], wherein the doctrine was reaffirmed that where one party to a contract had given the other notice in advance of his intention not to perform the same, the other party was absolved from the necessity of doing those things which otherwise would be required in order to work a termination on its part of the agreement.

In the case of *Andrews* v. *Karl,* 42 Cal. App. 513, [183 Pac. 838], the appellate court reviewed the cases relied upon by the appellant herein, and after doing so declared it to be the rule that "where a vendee in possession, neither performing nor willing to perform, has absolutely refused to complete the contract, he may be treated as one who has abandoned the contract under which he entered, and the vendor by an action in ejectment may recover the possession. The willful refusal of a vendee to perform his agreement amounts to an abandonment of the contract by him, and a repudiated contract is no protection to a vendee in possession against the legal title. It is true that the court in that case also held that the evidence was insufficient to sustain the vendor's claim that the vendee had abandoned the contract; but this does not militate against the correctness of the rule announced therein upon a full review of the authorities touching the subject.

In the light of these decisions we are of the opinion that the conclusion of the trial court was correct, and that the said plaintiff having on his part abandoned his contract, and expressly refused to perform the same, was not entitled to a

notice from the vendor allowing him further time to per-
form that which he had expressly notified said vendor he did
not intend to perform, and hence that he was not entitled
to recover the payments made by him upon said contract
prior to his express abandonment of the same.

It follows that the judgment should be affirmed, and it
is so ordered.

Waste, P. J., and Beasly, J., *pro tem.*, concurred.