[L. A. No. 14963. In Bank.—February 10, 1936.]

T. G. SKINNER, Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

318

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and G. Ellsworth Meyer, Charles F. Reiche and Arthur W. Nordstrom, Deputies City Attorney, for Appellant.

E. H. Delorey for Respondent.

Young, Lillick, Olson & Kelly, as *Amici Curiae* on Behalf of Respondent.

THOMPSON, J.—The plaintiff in this action recovered a judgment against the defendant city for damages done to property adjacent to Third Street by the grading of that street in accordance with plans and specifications therefor adopted by the city council. The defendant prosecutes this appeal and urges but two reasons why the judgment should be reversed: (1) the claim for damages, having been filed with the city council instead of with the board of public works, was insufficient, and (2) the evidence of ownership of the property involved is insufficient to support the finding on that issue.

Under the two recent cases of *Douglas* v. *City of Los Angeles, ante,* p. 123 [53 Pac. (2d) 353], and *Cottle* v. *City of Los Angeles, ante,* p. 140 [53 Pac. (2d) 361], the general rule is that claims for damages resulting from tortious acts are to be filed with the city council. It does not appear that the claim here involved is outside the general rule.

With respect to the contention that the finding of ownership of the property by plaintiff is not supported by the evidence, Mr. Skinner testified in effect that he owned the property; that he acquired it in 1923, but took title to it in the name of his partner, Dr. Holm; that it stood thus of record until August, 1932, at which time Holm and Bertha E. Holm quitclaimed it to plaintiff's son, T. S. Skinner; that T. S. Skinner conveyed a portion of the property facing on

Loma Drive to L. A. North; and that L. A. North conveyed to Mary S. Covert. He further testified that his son had conveyed to him although he did not know whether the deed had been placed of record. The grading was done December 3, 1931. The defendant introduced deeds which showed the record title to have been taken by P. F. Holm on May 24, 1923, and transferred by him and his wife to T. S. Skinner on August 15, 1932. It also produced deeds of the transfer from T. S. Skinner of that portion facing on Loma Drive (the property being in the shape of an L and extending along two sides of the corner lot) to L. A. North on August 24, 1932, and by L. A. North to Mary Covert. The plaintiff also testified that he had paid the taxes since 1923. The court, evidently feeling the uncertainty of the testimony with respect to the ownership, and in accordance with a statement by plaintiff and· in a memorandum opinion signed by the trial judge, stayed the execution of the judgment until plaintiff furnished defendant "appropriate releases from all owners of the property of record as of the date of the actual making of the Act, December 3, 1931". Regardless, however, of the unsatisfactory nature of the evidence and the unusual procedure taken to protect the appellant against action by the record holder of title, it must be held that the appellate tribunal cannot interfere with the finding of the trial court. It has been held that the ownership of property is, as a general rule, a fact to which a witness may testify. (*Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 712 [103 Pac. 190].) Hence the testimony of plaintiff as we have recited it is sufficient to support the finding, and the judgment must be upheld.

Judgment affirmed.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.