[Civ. No. 9900. First Appellate District, Division One.—June 22, 1936.]

J. V. MENDOZA et al., Respondents, v. LOUIS CASTI-GLIONI, Appellant.

A. W. Hollingsworth and Benson Wright for Appellant.

Martinelli & Gardiner, Jordan L. Martinelli and Samuel W. Gardiner for Respondents.

TYLER, P. J.—Action in unlawful detainer for rent and possession of property held in part by oral agreement and in part under a written lease. The complaint alleges that on February 8, 1935, notices to pay or vacate were served upon defendants. The land described in the notices is that certain real property situate in the county of Marin, state of California, and known as "Castiglioni Ranch", being a portion of "Mendoza Ranch". The complaint further alleges that the parcels of land referred to in the notices jointly comprise and are the whole of a one hundred-acre tract therein referred to

and which is occupied by defendants and enclosed by a fence; that defendants occupied and used said premises pursuant to agreements made with plaintiffs for the use thereof; that by said agreements defendants promised to pay to plaintiffs the sum of $375 upon the 15th day of April, 1934, and a like amount upon the 15th day of November, 1934, as and for semi-annual rent of the premises described in "Exhibit A" attached to the complaint, and by said agreements defendants further agreed to pay to plaintiffs the sum of $125 upon the 15th day of April, 1934, for the premises described in "Exhibit B" likewise attached to the complaint. The smaller tract of land was held under an oral agreement and was described in "Exhibit B" as being that property situate in the county of Marin, state of California, heretofore leased to Jess Ferreira in November, 1932, being twenty-five acres in extent and being a portion of a one hundred-acre tract enclosed by a wire fence, occupied by Louis Castiglioni, all of which is a portion of the "Mendoza Ranch" on Point Reyes, near Drake's Bay. Then follows an allegation that defendants have failed to pay the rent or any part thereof and have refused to comply with the notices to pay rent or deliver up possession. The complaint was demurred to and the demurrer was overruled. Defendant Louis Castiglioni, answering, denied that the complaint stated a cause of action for unlawful detainer and alleged that the lease and the notices to quit did not sufficiently describe the premises. There was also set up in defense an alleged oral agreement by which the time for payment of rent was agreed to be extended in consideration of the payment of interest and the giving of security in the form of a chattel mortgage upon a Ford truck for the rent due; that defendants had relied upon this agreement and had purchased certain farm machinery and seed for the planting of the rented premises. As a further defense it was alleged that no notice of termination of tenancy of the smaller tract had been given as provided by section 789 of the Civil Code. The answer admits defendants were in possession of one hundred acres of land under an agreement to pay $500 semi-annually, of which $375 was for the seventy-five-acre tract held under a written lease, and $125 for twenty-five acres held under an oral lease, such rents to be paid as alleged in the complaint. It further admits, by failure to deny, that the rents were not paid.

It was proved at the trial that the descriptions of the property contained in the notices to pay rent or quit were substantially the same as those contained in the written lease, where the land was described as being near Point Reyes station instead of near Point Reyes. Appellant admitted at the trial that he never occupied any land at Point Reyes station, but the land was at Point Reyes, near Drake's Bay, on the Mendoza ranch, as described in the "pay rent or quit" notices, and that he knew when the notices were served upon him what lands were referred to therein. Appellant also testified that when the notices were served he was in default in the rent claimed for the two parcels consisting of one hundred acres. It also appeared in evidence that appellant had no title to the Ford truck on which he was to give a chattel mortgage for the security of the rent, the title being outstanding in others, for which reason the tentative agreement of forbearance was never entered into by plaintiffs. At the conclusion of the trial the court instructed the jury to find a verdict for plaintiffs in the sum of $500 and for the possession of the premises. Plaintiffs then waived the unearned portions of the judgment for rent, and a decree was entered in favor of plaintiffs for the sum of $395 and restitution of the premises.

As ground for reversal appellant first complains that the property involved is not sufficiently described in the complaint. He next contends that the oral lease of the smaller tract of twenty-five acres was void under the statute of frauds, it being for a longer period than one year, and this being so, a tenancy at will was created which required a thirty-day notice of forfeiture to terminate it and not a mere three-day "pay or quit" notice as provided for in unlawful detainer proceedings. A third objection is that section 1174 of the Code of Civil Procedure now provides for a notice of forfeiture in unlawful detainer proceedings, which was not here given, for which reason plaintiffs could not proceed at all. There is no merit in any of the contentions.

 With reference to the claimed insufficiency of the description of the lands, the lease contained a recital of the premises sufficient to enable appellant to enter upon the same and make avail thereof. Moreover, he testified that at all times he understood what land was referred to both by the lease and the notices to pay or surrender possession. The land was actually at Point Reyes and the addition of the

word "Station" in the lease in no manner made the description doubtful or imperfect. The description contained in the lease and the notices was amply sufficient to describe the leased premises. ▮ Upon the question of the claimed insufficiency of the three-day notice to pay or vacate, as the foundation for an action of unlawful detainer, without notice of forfeiture of lease, it is sufficient to say that none of the parties was claiming a forfeiture. Defendants were seeking to remain in possession, and plaintiffs were endeavoring to collect their rent or obtain possession of the land. The notice to pay rent or quit did not mention anything concerning an intention on the part of plaintiffs to forfeit the lease as is now permitted under the new unlawful detainer provisions as found in section 1174 of the Code of Civil Procedure. It is still proper to take unlawful detainer proceedings without giving notice of or attempting to obtain a forfeiture, and the proceedings apply to all character of estates less than life, however created. Section 1174 of the Code of Civil Procedure, as amended, provides in substance that after default in the payment of rent the judgment in unlawful detainer proceedings shall declare the forfeiture of the lease or agreement if the notice required by section 1161 of the same code states the election of the landlord to declare a forfeiture thereof, but if such notice does not so state such election, the lease or agreement shall not be forfeited. Here the notices, as stated, said nothing concerning a forfeiture, nor did the judgment declare any, but was merely for rent and possession. ▮ The entry of the tenant with the consent of the lessor creates the relation of landlord and tenant, and unlawful detainer proceedings apply to all character of estates less than life, irrespective of their manner of creation, and when no attempt is made to terminate the estate under the proceedings, notice of termination is not a prerequisite to invoke the statutory proceedings. Possession may be demanded upon a three days' notice without seeking or obtaining any forfeiture of the lease. (*Security Realty Co.* v. *Kost,* 96 Cal. App. 626 [274 Pac. 608].) So far, therefore, as the verbal agreement in relation to the smaller tract is concerned, section 789 of the Civil Code requiring a thirty-day notice to terminate has no application to the present proceeding, there being no attempt to terminate the lease. The right to resort to unlawful detainer proceedings without the

termination of the estate is recognized by the amendment concerning notice in the statute above referred to. It is obvious that the cases suggesting the necessity for a thirty-day notice to terminate, before the three-day notice, refer to situations where the landlord is attempting to proceed under subdivision 1 of section 1161 of the Code of Civil Procedure relating to the holding over by the tenant after expiration of his term, and do not refer at all to the proceeding under subdivision 2, based upon default in the payment of rent. There is no more sanctity in inferior estates than there is in tenancies created by written leases, and there is nothing in the statute which suggests or indicates it. (*Phillips-Hollman, Inc.*, v. *Peerless Stages*, 210 Cal. 253 [291 Pac. 178]; *St. Clair* v. *Joos*, 90 Cal. App. 311 [265 Pac. 968].) The principal object of unlawful detainer, and the relief which the law intends to afford through it, is to obtain speedy possession of the premises without vexatious litigation or the necessity of resorting to ejectment. (15 Cal. Jur., p. 849.) The object is equally important to both character of estates.

■ Upon the affirmative defense that plaintiffs had agreed to accept a mortgage upon a truck for the unpaid rent, there was evidence to show that this proposal by defendants was never accepted by plaintiffs for the reason that defendants had no title to the property. Thereafter plaintiffs objected to further testimony upon the subject upon the ground that it was an attempt to vary the terms of a written instrument by an unexecuted parol agreement. In this connection the court made findings to the effect that appellant did not own the truck and was therefore unable to give a mortgage upon the same, and had at no time offered or tendered performance of any such agreement.

We do not deem a further discussion of the case to be necessary. Judgment affirmed.

Knight, J., and Cashin, J., concurred.