[Civ. No. 2936.   Fourth Dist.   Jan. 12, 1942.]

FLORENCE E. FISHER, Respondent, v. FRANKLYN T. CHAFFEE et al., Defendants and Respondents; RANDOLPH MARKETING COMPANY (a Corporation), Appellant.

Gibson, Dunn & Crutcher, John Henry Peckham, Jr., and Ira C. Powers for Appellant.

Richard A. Ibanez for Respondents.

BARNARD, P. J.—This is an action to quiet title and for declaratory relief.

On December 1, 1936, the plaintiff and the defendants Chaffee entered into a written contract for the sale and purchase of a 10-acre orange orchard on deferred payments. The Chaffees took possession and on December 2, 1936, executed a crop mortgage to the defendant Randolph Marketing Company covering the oranges to be produced on the land until the debt was paid. Sometime in December, 1939, the defendants Chaffee, being delinquent in some seven payments called for by the contract, refused to further perform the contract and notified the plaintiff that they would not make any further payments thereunder. Thereupon, the plaintiff took possession of the property and shortly thereafter directed the defendant Etiwanda Citrus Fruit Association to pick the oranges then growing thereon. This association picked that crop and still has in its possession the money accruing from the sale thereof.

This action was filed on September 6, 1940, the plaintiff praying that her title to the land be quieted and that she be given a judgment declaring that the defendant Randolph Marketing Company has no right, title or interest in and to the returns from the crop of oranges picked during the 1940 season or in the crops growing or to be grown on said land. At the trial, it was stipulated that there was no controversy insofar as the defendant Etiwanda Citrus Fruit Association is concerned and it seems to be conceded that that defendant is merely holding the proceeds of the 1940 crop pending a determination of who is entitled thereto. The court found in all respects in favor of the plaintiff and entered a judgment quieting her title to the real property and declaring that the defendant Randolph Marketing Company has no lien upon the crops harvested during 1940, or upon any crops to be produced upon the land in question, and further ordering the Etiwanda Citrus Fruit Association to pay the proceeds of the 1940 crop to the plaintiff. From this judgment the defendant Randolph Marketing Company alone has appealed.

It is conceded, as it must be, that appellant's rights under its crop mortgage are dependent upon whether the Chaffees still had any interest in the property as vendees under the purchase contract. Appellant's main contention is that the rights of these vendees had not been terminated and that the plaintiff and respondent, who will be hereafter referred to as the respondent, wrongfully took possession of the premises and harvested the 1940 crop. It is argued that the parties had by their contract agreed that, in the event of a breach or default, the rights of the vendees were to be terminated in either of two ways; that the setting forth of these two ways excluded any others; and that the contract was not terminated in either of those ways. The contract provided that in the event of a default the vendor could at her option declare the entire remaining indebtedness due and payable, advertise and sell the property at public auction, either party being allowed to bid, and the proceeds to be applied so far as necessary in payment of the amounts due, with the alternative provision that the vendor might bring an action to recover the entire principal and interest and to foreclose and determine the interest of the vendees. It is conceded that neither of these methods was pursued and the appellant contends that it follows that the respondent has not terminated the contract in the manner provided for therein, and that the same is still in

force in favor of the vendees with the resulting protection to the lien of appellant's crop mortgage.

The appellant may not thus rely upon the provisions of the contract when, as the court found, the vendees had repudiated and refused to further perform its terms. In *Mayer* v. *West*, 96 Cal. App. 31 [273 Pac. 849], the court reviewed many of the authorities, and said: "It is elementary that a vendor may recover possession in ejectment from a vendee in possession who repudiates his contract." ▮ Where a vendee in possession has refused to complete the contract he may be treated as one who has abandoned the contract under which he entered. (*Andrews* v. *Karl*, 42 Cal. App. 513 [183 Pac. 838].) In *Whittier* v. *Stege*, 61 Cal. 238, it is said:

"When, therefore, the defendants, after they had obtained possession lawfully, substituted repudiation of the contract and refused to comply with its terms, for performance or willingness to perform, they divested themselves by their wrongful act of the equitable estate which they had acquired under the contract, and became trespassers or tenants at will, against whom their repudiated vendors could maintain ejectment. The vendors were remitted to their legal title, and in an action upon it the defendants could not invoke as a defense to it a contract of sale which they repudiated and refused to perform."

▮ When a vendee has repudiated the contract and has refused to pay anything further upon it a vendor is entitled to take possession and proceed to clear his title and is no longer bound by the provisions of the contract. (*Woodard* v. *Hennegan*, 128 Cal. 293 [60 Pac. 769].) ▮ When it appears, as it does here, that a vendor was able and willing to comply with the contract and that the vendee was not able to do so and had declared that he intended to pay no more, the vendor may maintain a quiet title action. (*Stratton* v. *California Land & Timber Co.*, 86 Cal. 353 [24 Pac. 1065].) It follows, under these established rules, that having refused to further perform the contract these vendees could not invoke or rely upon the terms of the contract as against the vendor. (*Mayer* v. *West, supra.*) The vendor was, therefore, free to maintain an action in ejectment to recover possession of this land and equally free, having taken possession without objection from the vendees who were not living upon the land, to quiet her title thereto. ▮ Having repudiated the contract the vendees had no right to insist that the respondent proceed in

accordance with the terms of the contract and the appellant, claiming under the vendees, is in no better position.

The appellant contends that there is no evidence to sustain the finding that the defendants Chaffee refused to further perform the contract. While the evidence is conflicting in that regard it amply sustains the findings made. ▮ The appellant particularly relies upon a letter written to Mr. Chaffee by the respondent's attorney on February 17, 1940, after possession had been taken by the respondent and a part of the orange crop harvested. The letter suggested a conference for the purpose of finding out if Mr. Chaffee would like to continue with the contract and if so what arrangements he could make for doing so. At most, the letter was an offer which was never accepted and it was far from sufficient to constitute a renewal of the contract which had previously been terminated. Viewed in its entirety the record discloses nothing more than a conflict in the evidence.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied February 11, 1942, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1942. Traynor, J., voted for a hearing.