[Civ. No. 12424. First Dist., Div. Two. Mar. 1, 1943.]

COUNTY OF MENDOCINO, Appellant, v. MRS. LILY BARNARD, Respondent.

James E. Busch, District Attorney, and George A. Faraday, Deputy District Attorney, for Appellant.

Norman Johnson for Respondent.

DOOLING, J. pro tem.—In this action appellant county of Mendocino sought to recover from respondent the sum of $1,197 paid to respondent as old age security payments on the ground that she had secured such payments by falsely representing that she did not own personal property in excess of the value of $500. The trial court found that respondent did not in fact own personal property in excess of $500 value. The only point urged on this appeal is that this finding is not supported by the evidence.

Admittedly there stood in respondent's name in two bank accounts, one a savings account and the other a checking

account, an amount in excess of $500. As to these accounts respondent testified, over objection that the questions called for the witness' conclusion, that the money deposited in her name in the bank was not her own money, that it was her son's money.

Appellant claims that this testimony is a conclusion of law and will not support the finding. The cases in this state are to the contrary. "It has been held that the ownership of property is, as a general rule, a fact to which a witness may testify." (*Skinner* v. *City of Los Angeles*, 5 Cal.2d 317, 319 [54 P. 2d 446] ; *Perkins* v. *Sunset Tel. & Tel. Co.* 155 Cal. 712, 718 [103 P. 190] ; *Diamond* v. *Grath*, 46 Cal.App.2d 443, 446 [116 P.2d 114] ; *Strauss* v. *Dubuque F. & M. Ins. Co.*, 132 Cal.App. 283, 294 [22 P.2d 582] ; *St. Clair* v. *Joos*, 90 Cal. App. 311 [265 P. 968].

Accepting the proof, as the trial court did, that the money in bank was the property of the son, respondent's personal property had a value of less than $500. While some of the testimony of respondent might support an opposite finding the question of fact was for the trial court and there was sufficient evidence to support the judgment. As the court said in *St. Clair* v. *Joos, supra,* at p. 313: "it is idle to assert that the law permits the introduction of evidence which, when received, would be without probative force."

Judgment affirmed.

Nourse, P. J., and Spence, J., concurred.