[L. A. No. 15374. In Bank.—December 31, 1935.]

CHARLES COTTLE et al., Respondents, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

141

Erwin P. Werner and Ray L. Chesebro, City Attorneys, Frederick von Schrader, Assistant City Attorney, and G. Ellsworth Meyer, Deputy City Attorney, for Appellant.

E. H. Delorey and A. Feldman for Respondents.

Overton, Lyman & Plumb and J. Harold Cragin, as *Amici Curiae* on Behalf of Respondents.

THE COURT.—This action was brought to recover for damage to the property of plaintiffs caused by the construction and improvement of Riverside Drive and the changing of intersecting streets to meet the alterations caused therein by the building of Riverside Drive. The plaintiffs owned lots 1 and 2 in tract 2199 in the City of Los Angeles. The two lots formed a triangular parcel of land. Glen Eden Street ran

along the southeasterly side of the property and Riverside Drive (now Riverside Terrace) ran along the westerly edge. Prior to the adoption of the ordinance of intention here involved, by condemnation proceedings, to which these plaintiffs were parties, receiving an award of $6,580 including severance damage of $2,950 for property taken from them, the city acquired a 100-foot strip on the northerly side of plaintiffs' lots for the new location of Riverside Drive. Riverside Drive was constructed below the level of the lots, it being 11¼ feet below the northwesterly corner and 8 feet below the northeasterly corner. Riverside Terrace (old Riverside Drive) was raised above the level of plaintiffs' property, it being 13 feet above at the northwesterly corner and 6 feet above at the southwesterly corner. Apparently Glen Eden Street went from 6 feet above to 8 feet below. The plaintiffs recovered a judgment for the damage caused by the cut and fill in the sum of $1100. The city has appealed from the judgment.

The contention of the appellant is twofold. First: It asserts that the respondents were given due notice of the intended work, and having failed to protest within the time required by law, waived any claim for damages. Second: It claims that because the plaintiffs filed their claim for damages with the city council instead of with the board of public works the plaintiffs are precluded from recovering in this action.

Considering these contentions in the order made, we first discover that by the ordinance of intention notice was given that Riverside Drive would "be improved by certain grading, by the construction of certain concrete pavement, cement curb, cement sidewalk", etc. (mentioning other improvements not necessary to detail) and that "Gleneden street, between the easterly line of Riverside terrace and a line 155 feet northeasterly from and parallel with the northeasterly line of Riverside drive, be improved by certain grading", etc. (here follow the other improvements), and Riverside Terrace was similarly described. In section two of the ordinance it is provided: "That all the work aforesaid shall be done in accordance with, and to the grade shown on special plans and profiles numbered P–1507, P–479, 23618 (six other numbers), P–1867, (fourteen other numbers) and standard plans numbered", etc. Plans 23618 and P–1867 detail the work to

be done and which was performed surrounding the property of respondents and disclose the cut and fill already mentioned. Prior to the expiration of the time for respondents to protest they went to the city engineer's office and, according to the testimony of Mrs. Cottle, he informed them there would be a cut of from 4 to 6 feet in front of their property.

A portion of section 3, part I of the Street Improvement Act of 1911 (Deering's Gen. Laws, 1931, p. 4525) reads as follows: "The grade to which any work shall be done or improvement made shall be such as may be shown on the plans or profiles therefor or it may be done on such a grade as may have been formally established by the city council. If any official grade has already been adopted or established for any of the streets, avenues, or other places or property, proposed to be improved, it shall be lawful for the resolution of intention to provide that said work shall be done to new grades or grades different from those so established or adopted, and shall refer to plans, profiles or specifications for the description of the grade at which the work is to be done. Any property owner whose property is to be assessed to pay the costs and expenses of the proposed improvement may at the time fixed in the resolution of intention for hearing of objections to the proposed work and improvement, appear before the city council and make objection to the proposed grade or proposed modification of grade. A failure to make objection at such time shall be deemed to be a waiver of all objections to the proposed grade or proposed change or modification of grade and shall operate as a bar to any claim for damages or any subsequent action looking to the prevention of the work or the recovery of damages on account of the performance of the work to such grade or changed grade."

Section 6 of the same act provides that the protest must be in writing. It is a fact that respondents filed no protest and the court so found. It was found, however, as follows: "That the reason that said plaintiffs filed no objections was because said plaintiffs had no objection to the proposed grade and proposed modification of grade; that the said plaintiffs never at any time had any intention to, nor did they waive their right to recover damages on account of the performance of the work on such grade or changed grade, as contemplated by said ordinance or otherwise; it is not true that the plaintiffs are barred from any action for the purpose of recovering

damages on account of the performance of the work referred to in said ordinance of intention." There is no direct finding upon the question of whether respondents were given due notice. And, although the trial judge advised counsel that it might be important to prove whether the grade had been established, the record is void of any evidence with respect to the streets Glen Eden and Riverside Terrace. ■ The improvement act, the pertinent portion of which we have quoted, contemplates that when there is to be a change of grade the ordinance of intention shall refer to a new grade in order to give notice to the property owners and put them to the necessity of protesting in order to protect their action for damages if any is to accrue from the performance of the work. Such has been held with respect to section 4 of the Boundary Line Act of 1911 (Deering's Gen. Laws, 1931, p. 4579, amended Stats. 1929, p. 1716), the language of which is very similar to that of the section here involved. (*Musto-Keenan Co.* v. *City of Los Angeles,* 139 Cal. App. 506 [34 Pac. (2d) 506].) Where however, there is no established grade and the ordinance of intention gives notice that grading will be done, referring the reader to the plans and profiles for more accurate information, the requirements of the section are met. (*Snoffer* v. *City of Los Angeles,* 6 Cal. App. (2d) 14 [43 Pac. (2d) 852], and cases there cited.) The property owner in such event is put to the necessity of filing his protest. ■ We have this situation in the present case. The construction of Riverside Drive along the northerly side of respondents' property was new work. The property had been condemned for street purposes. Respondents were consequently given proper notice with respect to the cut involved in the performance of this work. But with respect to the other streets we cannot say whether they were given proper notice. However, assuming that they were not bound by the notice given, the damages were awarded as a result of the cut and the fill. We have no way of telling what amount of damage was caused by the one and what by the other. Consequently the case must be reversed on this ground.

■ The second contention of the appellant is that the claim filed with the city council was insufficient as a prerequisite to suit, and that the claim should have been filed with the board of public works. This subject has been treated at some length in the case of *Douglass* v. *City of Los Angeles* (L. A.

No. 15375), (*ante,* p. 123 [53 Pac. (2d) 353]) opinion in which is filed this day. On the authority of the decision in that case the second contention of the appellants is unavailing. The claim was properly filed with the city council.

The judgment is reversed.

Rehearing denied.