[Civ. No. 10008.   Second Appellate District, Division One.—February 26, 1936.]

MAGDELENE JAHNKE, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Young, Lillick, Olson, Graham & Kelly and E. L. Searle for Appellant.

Ray L. Chesebro, City Attorney, Los Angeles, Frederick von Schrader, Assistant City Attorney, and Arthur W. Nordstrom and Bourke Jones, Deputies City Attorney, for Respondents.

SHINN, J., *pro tem.*—This action was brought by plaintiff against the City of Los Angeles to recover damages to her land resulting from certain street work done by the city to a grade which left a portion of the land well above the street and another portion far below it.

Upon the trial the evidence of plaintiff was directed to the question of the sufficiency of the presentation to the city of her claim for damages. The proof showed that the claim had been presented to the city clerk. The city contended that it should have been presented to the board of public works. At the close of the evidence on this point the city's motion for judgment of dismissal with prejudice was granted and such a judgment was entered.

While the law was in an unsettled state at the time of the trial, due to certain provisions of the city charter which had not received interpretation by the Supreme Court or the District Courts of Appeal, the question which is presented in this case has been definitely answered by the Supreme Court in *Douglass* v. *City of Los Angeles*, 5 Cal. (2d) 123 [53 Pac. (2d) 353], and *Cottle* v. *City of Los Angeles*, 5 Cal. (2d) 140 [53 Pac. (2d) 361]. It was not necessary that the claim be presented to the board of public works; its presentation to the city clerk for filing with the city council was sufficient.

The complaint alleged that "plaintiff filed her claim and demand *against* defendants, the City of Los Angeles, the Council of the City of Los Angeles and the Board of Public Works of the City of Los Angeles". (Italics ours.) It is contended that this was not a sufficient allegation that the claim was presented *to* the city clerk or city council. The point was not raised by demurrer. At the close of the evidence and when the objection was first made to the complaint, plaintiff made a timely motion for leave to amend by substituting the word "presented" for the word "filed", and the word "to" for the word "against". This application was opposed by defendant and was denied by the court. The defect in the pleading presented a minor question. This is

made evident by the statement of counsel for the city in resisting the motion that "there was a claim presented to the city clerk and subsequently transmitted to the city council". It appears that the court refused the amendment upon the ground that it would have availed plaintiff nothing, inasmuch as the proof showed that the claim had not been presented to the board of public works. Had the court been of the opinion that the claim had been properly presented, the amendment should, and no doubt would, have been allowed so as to allege the fact to be as admitted by counsel for the city. There are no other questions in the case requiring discussion.

The judgment is reversed and plaintiff may amend her complaint if she be so advised.

Houser, P. J., and Doran, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1936.